UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SEAN K. ELLIS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 01-12147-PBS |
| JOHN MARSHALL, | ) ) ) | |
| Respondent. | ) ) | |

ORDER.

August 5, 2010

SOROKIN, M.J.

      The Petitioner, Sean K. Ellis, filed his pro se Petition for a Writ of Habeas Corpus on December 6, 2001. Docket # 1. Shortly thereafter, Ellis filed a motion seeking the appointment of counsel, which the Court (Saris, D.J.) allowed. Docket # 5; Electronic Order of December 31, 2001. Attorney David Duncan, who had represented Ellis in the underlying criminal case in state court, was appointed. The Parties filed their respective briefs regarding the Petition in June and September of 2002, and in October, 2002, the Court referred the matter to Magistrate Judge Cohen for a Report and Recommendation. Docket #s 20, 23, 31.

      On September 15, 2003 (with no action having been taken by the Court in the interim), Ellis moved pro se to stay his Petition in order to allow him to exhaust a claim not raised in the

Petition (specifically, whether the "Trial Court committed error by improperly denying Petitioner's Brady claim"). Docket # 34. The Court (Cohen, M.J.) directed counsel for the Petitioner to state a position on the pro se request. Docket #35. Attorney Duncan sought permission to withdraw because the new ground involved a claim of ineffective assistance of counsel and the Court allowed that request. Docket # 39. Magistrate Judge Cohen denied Ellis' request for the appointment of successor counsel, however, citing a lack of authority under the Criminal Justice Act to appoint counsel to exhaust a claim in state court as well as an insufficient basis to do so in this case. Id. at 2, n. 3. Accordingly, the case was stayed on the condition that Ellis file "a written and full status report" every ninety days and that he file an Amended Petition within twenty days of the conclusion of the state court proceedings. Id. at 3. Ellis subsequently filed numerous status reports, each reporting essentially the same fact – that CPCS had assigned an attorney to review the case and that he was awaiting the outcome of that review. See Docket #s 44-65.

On June 15, 2010 – more than six and one-half years after the Court's Order staying the Petition – the Respondent moved to vacate the stay. Docket # 66. During that period, Ellis did not take the action which formed the basis for the Court's stay – namely, the filing of a motion for a new trial in state court (in order to exhaust the new claim he anticipated incorporating into his Amended Petition). In fact, the Superior Court's docket reflects no filings whatsoever since Ellis filed his motion for a stay. Docket # 67-1. No opposition to the Respondent's motion to vacate the stay has been filed by Ellis, although on July 22, 2010, Ellis filed a status report stating that Attorney Rosemary Scapicchio represents him in "connection with my Motion for New Trial" and "it is estimated that Attorney Scapicchio will be in a position to file by October

2010." Docket #70. Attorney Scapicchio, although she has not filed an appearance on Ellis' behalf in this federal habeas proceeding, wrote a letter to the Court on July 14, 2010, in which she states:

> . . . that I have finally received a response to the FOIA requests that I filed on behalf of Mr. Ellis approximately seven years ago. I estimate that I will be in a position to file Mr. Ellis' Motion for a New Trial by October of 2010 . . . Based on the foregoing, Mr. Ellis respectfully request[s] that you postpone any action on the Government's motion to lift Mr. Ellis' stay until after his Motion for a New Trial is reviewed.

The Respondent objects, asserting that Ellis has waited too long and that this is the first information suggesting that Ellis has counsel in the state court matter. Docket # 69. While Ellis' status reports have never stated that he had counsel, he did file papers in 2004 indicating that Attorney Scapicchio was reviewing the case for CPCS. Docket #45 at 3.

It is ORDERED that prior to the Court's ruling upon the Respondent's Motion to Lift the Stay, Ellis (or Attorney Scapicchio, if she files an appearance on Ellis' behalf) shall, within fourteen days of this Order, supplement the record before the Court by filing a status report advising the Court: (1) of the particulars regarding the FOIA request(s), including the agency to which it was directed, the date it was filed, and the date a response was received; and, (2) whether any other matters require investigation or other activity prior to the filing of a Motion for New Trial in state court and, if so, the status and schedule for such activities. If the Respondent wishes to supplement his filings in response to the foregoing, it may do so within ten days of the Petitioner's filing.

SO ORDERED.

   /s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE