UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SEAN K. ELLIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 01-cv-12147 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN MARSHALL, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

July 10, 2013

Saris, C.J.

On September 21, 2012 the Court denied Ellis' petition for a writ of habeas corpus and dismissed the case. (Docket No. 93). On October 1, 2012, the Court cancelled a hearing that had been erroneously scheduled regarding Ellis' original habeas petition. (Docket No. 97). Petitioner Ellis now moves the Court under Fed. R. Civ. P. 60 to reconsider its decision granting Respondent's motion for clarification and cancelling the hearing, and asks the Court to reinstate the stay on Ellis' original petition. (Docket No. 99).

In his motion to reconsider, Ellis asserts that he has discovered exculpatory information as a result of various Freedom of Information Act requests. Ellis contends that this information

provides him with a new constitutional claim regarding his underlying state conviction and requests that a stay be implemented so that he may amend his original petition. The Supreme Court has held that the use of Rule 60(b) to advance a claim that is "in substance a successive habeas petition" would constitute an impermissible circumvention of the standards set forth in the Antiterrorism and Effective Death Penalty Act. Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005). The First Circuit has affirmed that "[w]hen the [Rule 60(b)] motion's factual predicate deals primarily with the constitutionality of the underlying state conviction or sentence, then the motion should be treated as a second or successive habeas petition." Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003).

Ellis' motion, at its core, is an attempt to raise a new constitutional argument based on evidence of actual innocence. To re-open the case after a determination was made on his original petition would contravene the AEDPA procedures Congress clearly intended to apply in these cases. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1933 (2013) (noting that in enacting 28 U.S.C. § 2244(b)(2)(B), which allows for the filing of a second and successive petition in cases of newly discovered evidence, Congress intended to require "second-or-successive habeas petitioners attempting to benefit from the miscarriage of justice

exception to meet a higher level of proof . . . and to satisfy a diligence requirement that did not exist prior to AEDPA's passage"). Consequently, if Ellis chooses to raise a new constitutional argument based on evidence received pursuant to FOIA requests, he must file a second habeas petition in compliance with the procedures set forth in 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

    The court **DENIES** this motion. (Docket No. 99).

/s/ PATTI B. SARIS
PATTI B. SARIS
Chief, U.S.D.J.